# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2471
Lower Tribunal No. 16-29580-CA-01
_____

**James Goosby,**
Appellant,

vs.

**The Bank of New York Mellon f/k/a The Bank of New York, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Louis C. Arslanian (Hollywood), for appellant.

Greenspoon Marder LLP, and Dariel Abrahamy (Boca Raton); The Griffith Law Firm, P.A., and Derek R. Griffith, for appellees.


Before GORDO, LOBREE and GOODEN, JJ.

PER CURIAM.

Affirmed.  See U.S. Bank, N.A. v. Vogel, 137 So. 3d 491, 493 (Fla. 4th DCA 2014) ("The standard of review of a trial court's ruling on a motion to set aside a foreclosure sale is whether the trial court grossly abused its discretion."); Beacon Hill Homeowners Ass'n, Inc. v. Colfin Ah-Florida 7, LLC, 221 So. 3d 710, 712 (Fla. 3d DCA 2017) ("The standard of review on appeal of a motion for rehearing is abuse of discretion."); Bank of Am., N.A. v. Bank of N.Y. Mellon, 338 So. 3d 338, 341 n.2 (Fla. 3d DCA 2022) ("A trial court does not abuse its discretion in denying a motion for reconsideration or rehearing which raises an issue that could have, but wasn't, raised in the initial motion or at the initial hearing."); Grossfeld v. CV Funding, LLC, 432 So. 3d 683, 685 (Fla. 3d DCA 2026) (stating an evidentiary hearing is not required where there is insufficient dispute regarding "existence, validity, or terms" of settlement agreement).